**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERIC SHAPIRO, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ALLIANCE MMA, INC., PAUL K. DANNER, III, and JOHN PRICE,<br><br>Defendants. | Case No. 17-cv-2583<br><br>CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS<br><br>JURY TRIAL DEMANDED |

Plaintiff Eric Shapiro ("Plaintiff"), individually and on behalf of all other persons similarly situated, by Plaintiff's undersigned attorneys, for Plaintiff's complaint against Defendants (defined below), alleges the following based upon personal knowledge as to Plaintiff and Plaintiff's own acts, and information and belief as to all other matters, based upon, inter alia, the investigation conducted by and through Plaintiff's attorneys, which included, among other things, a review of Defendants' public documents, conference calls and announcements made by Defendants, United States Securities and Exchange Commission ("SEC") filings, wire and press releases published by and regarding Alliance MMA, Inc. ("Alliance" or the "Company"), and information readily obtainable on the Internet. Plaintiff believes that substantial evidentiary support will exist for the allegations set forth herein after a reasonable opportunity for discovery.

1

## NATURE OF THE ACTION

1. This is a federal securities class action on behalf of a class consisting of all persons and entities other than Defendants who purchased or otherwise acquired the publicly traded securities of Alliance pursuant and/or traceable to the Company's initial public offering on or about October 6, 2016 (the "IPO"), seeking to recover compensable damages caused by Defendants' violations of the federal securities laws.

## JURISDICTION AND VENUE

2. The claims asserted herein arise under and pursuant to §§11 and 15 of the Securities Act of 1933 (the "Securities Act") (15 U.S.C. §§77k and 77o).

3. This Court has jurisdiction over this action pursuant to §22 of the Securities Act (15 U.S.C. §77v) and 28 U.S.C. §1331.

4. Venue is properly laid in this District pursuant to §22 of the Securities Act and 28 U.S.C. §1391(b) as the Company conducts business in this judicial district.

5. In connection with the acts, conduct and other wrongs alleged in this complaint, Defendants, directly or indirectly, used the means and instrumentalities of interstate commerce, including but not limited to, the United States mails, interstate telephone communications and the facilities of the national securities exchange.

## PARTIES

6. Plaintiff, as set forth in the accompanying certification, incorporated by reference herein, purchased the Company's securities at artificially inflated prices pursuant and/or traceable to the Company's IPO and was economically damaged thereby.

7. Defendant Alliance focuses on mixed martial arts (MMA) promotional activities. Alliance is a Delaware corporation headquartered in New York, New York. On September 30,

2016, Alliance acquired the assets and assumed certain liabilities of six companies, including CFFC Promotions, LLC, which is based in Atlantic City, New Jersey. Alliance securities trade on the NASDAQ Stock Market ("NASDAQ") under the ticker "AMMA."

8. Defendant Paul K. Danner, III ("Danner") has been the Company's Chief Executive Officer ("CEO") since May 1, 2016.

9. Defendant John Price ("Price") has been the Company's Chief Financial Officer ("CFO") since August 3, 2016.

10. Defendants Danner and Price are collectively referred to herein as the "Individual Defendants."

11. Each of the Individual Defendants:

    a. directly participated in the management of the Company;

    b. was directly involved in the day-to-day operations of the Company at the highest levels;

    c. was privy to confidential proprietary information concerning the Company and its business and operations;

    d. was directly or indirectly involved in drafting, producing, reviewing and/or disseminating the false and misleading statements and information alleged herein;

    e. was directly or indirectly involved in the oversight or implementation of the Company's internal controls;

    f. was aware of or recklessly disregarded the fact that the false and misleading statements were being issued concerning the Company; and/or

    g. approved or ratified these statements in violation of the federal securities laws.

12. Alliance is liable for the acts of the Individual Defendants and its employees under the doctrine of *respondeat superior* and common law principles of agency because all of the wrongful acts complained of herein were carried out within the scope of their employment.

13. The scienter of the Individual Defendants and other employees and agents of the Company is similarly imputed to the Company under *respondeat superior* and agency principles.

14. The Company and Individual Defendants are collectively referred to herein as "Defendants."

## SUBSTANTIVE ALLEGATIONS

15. Pursuant to the Securities Act, Defendants are strictly liable for material misstatements in the Offering Materials issued in connection with the IPO. The Securities Act claims specifically exclude any allegations of fraud, knowledge, recklessness or scienter, do not "sound in fraud" and based solely on strict liability and negligence.

### Background

16. The Company was formed in Delaware on February 12, 2015 to acquire companies in the MMA industry.

17. On June 14, 2016, Alliance formed GFL Acquisition, Co., Inc. as a wholly-owned subsidiary of Alliance primarily to facilitate the acquisition and merger of Go Fight Net, Inc., which operates a video production and distribution business.

18. On August 16, 2016, the Company filed a registration statement on Form S-1 with the SEC. The registration statement was subsequently amended, with the final amended registration statement on Form S-1/A filed on August 30, 2016 (collectively, the "Registration Statement"). The Registration Statement was declared effected by the SEC on September 2, 2016.

19. The Registration Statement contained a preliminary prospectus. The final prospectus was filed on September 2, 2016 ("Prospectus").

20. On September 30, 2016, the Company acquired the assets and assumed certain liabilities of six companies, consisting of five promoters (CFFC Promotions, LLC, Hoosier Fight Club Promotions, LLC, Punch Drunk Inc., also known as Combat Games MMA, Bang Time Entertainment, LLC DBA Shogun Fights, and V3, LLC) and a ticketing platform for MMA events (Cagetix LLC).

21. On or about October 6, 2016, the Company completed its IPO, selling approximately 3.3 million shares at $4.50 per share and raising approximately $14.99 million in net proceeds.

## Materially False and Misleading Statements

22. The Registration Statement, signed by Defendants Danner and Price, provided the Company's financial statements for the six months ended June 30, 2016, including the following statement of operations:

**UNAUDITED PRO FORMA STATEMENT OF OPERATIONS**
**For the six months ended June 30, 2016**
*(In thousands, except share information)*

| | Target Companies - Actual Results | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Shogun | CageTix | CFFC | GFL | HFC | COGA | V3 Fights | Target Companies Subtotal | Alliance MMA | Total Results | Pro Forma Adjusting Entries | Pro Forma Results |
| Revenue | 302 | 57 | 312 | 277 | 140 | 59 | 77 | 1,224 | - | 1,224 | | $ 1,224 |
| Cost of revenues | 204 | - | 229 | 165 | 100 | 26 | 52 | 776 | - | 776 | | 776 |
| Gross profit | 98 | 57 | 83 | 112 | 40 | 33 | 25 | 448 | - | 448 | | 448 |
| Operating expenses | | | | | | | | | | | | |
| General and administrative expenses | 13 | 17 | 47 | 85 | 9 | 13 | 13 | 197 | 42 | 239 | | 239 |
| Professional and consulting fees | 8 | - | 8 | 10 | 8 | 9 | 9 | 52 | 182 | 234 | (142)4(iv) | 92 |
| Depreciation | - | - | 1 | 14 | - | 4 | - | 19 | - | 19 | - | 19 |
| Amortization | - | - | - | - | - | - | - | - | - | - | 707 4(v) | 707 |
| Total operating expenses | 21 | 17 | 56 | 109 | 17 | 26 | 22 | 268 | 224 | 492 | 565 | 1,057 |
| Net income (loss) | 77 | 40 | 27 | 3 | 23 | 7 | 3 | 180 | (224) | (44) | (565) | $ (609) |
| Weighted average common shares outstanding | | | | | | | | | | | | 10,000 |
| Net loss per common share | | | | | | | | | | | | $ (0.0609) |

5

23. The Registration Statement provided the Company's financial statements for the six months ended June 30, 2016, including the following balance sheet:

**UNAUDITED PRO FORMA BALANCE SHEET**
**For the six months ended June 30, 2016**
*(In thousands, except share information)*

| | Target Companies - Actual Results | | | | | | | Target Companies Subtotal | Actual Alliance MMA | Pro Forma Adjusting Entries | Pro Forma Results |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | Shogun | CageTix | CFFC | GFL | HFC | COGA | V3 Fights | | | | |
| Cash & cash equivalents | $ 79 | $ 61 | $ 8 | $ 83 | $ 11 | $ 7 | $ 1 | $ 250 | $ 16 | $ 11,476 4(i) | $ 11,742 |
| Accounts receivable and other assets, net | 24 | - | 5 | 5 | - | - | - | 34 | 16 | - | 50 |
| Deferred offering costs | - | - | - | - | - | - | - | - | 25 | - | 25 |
| Current assets | 103 | 61 | 13 | 88 | 11 | 7 | 1 | 284 | 57 | 11,476 | 11,817 |
| Property, plant and equipment, net | - | - | 5 | 23 | - | 4 | - | 32 | - | - | 32 |
| Intangible assets, net | - | - | - | - | - | - | - | - | - | 3,389 3,4(iv) | 3,389 |
| Goodwill | - | - | - | - | - | - | - | - | - | 2,596 2 | 2,596 |
| Total assets | 103 | 61 | 18 | 111 | 11 | 11 | 1 | 316 | 57 | 17,461 | 17,834 |
| Accounts payable and accrued expenses | 28 | 123 | 24 | 24 | 16 | 29 | 51 | 295 | 47 | (22) | 320 |
| Deferred revenue | - | - | - | - | 9 | - | - | 9 | - | - | 9 |
| 401K payable | - | - | - | 17 | - | - | - | 17 | - | - | 17 |
| Related party note payable - short term | - | - | 67 | - | - | - | - | 67 | 615 | (682) 4(ii, iii) | - |
| Total current liabilities | 28 | 123 | 91 | 41 | 25 | 29 | 51 | 388 | 662 | (704) | 346 |
| Contingent earnout | | | | | | | | | | 716 4(v) | 716 |
| Total liabilities | 28 | 123 | 91 | 41 | 25 | 29 | 51 | 388 | 662 | 12 | 1,062 |
| Stockholders' Equity | | | | | | | | | | | |
| Retained earnings /(deficit) | 75 | (62) | (73) | 70 | (14) | (18) | (50) | (72) | (610) | (1,977) | (2,659) |
| Common stock | | | | | | | | | 5 | 5 | 10 |
| Additional paid-in-capital | | | | | | | | | | 19,421 2,3,4(i-v) | 19,421 |
| Total stockholders' equity | 75 | (62) | (73) | 70 | (14) | (18) | (50) | (72) | (605) | 17,449 | 16,772 |
| Total Liabilities and Stockholders' Equity | $ 103 | $ 61 | $ 18 | $ 111 | $ 11 | $ 11 | $ 1 | $ 316 | $ 57 | $ 17,461 | $ 17,834 |

24. The Registration Statement, signed by Defendants Danner and Price, provided the Company's financial statements for the three and six months ended June 30, 2016, including the following statements of operations:

**ALLIANCE MMA, INC.**
**CONDENSED STATEMENTS OF OPERATIONS**
**(UNAUDITED)**

| | FOR THE SIX MONTHS ENDED JUNE 30, | | FOR THE THREE MONTHS ENDED JUNE 30, | |
|---|---|---|---|---|
| | 2016 | 2015 | 2016 | 2015 |
| **OPERATING EXPENSES** | | | | |
| General and administrative expenses | $ 41,530 | $ 5,476 | $ 27,254 | $ 1,881 |
| Professional and consulting fees | 182,411 | 126,500 | 80,000 | 49,500 |
| **Total Operating Expenses** | (223,941) | (131,976) | 107,254 | 51,381 |
| **NET INCOME LOSS** | $ (223,941) | $ (131,976) | $ (107,254) | $ (51,381) |

25. The Registration Statement provided the Company's financial statements for the six months ended June 30, 2016, including the following statements of cash flow:

6

**ALLIANCE MMA, INC.**
**CONDENSED STATEMENTS OF CASH FLOWS**
**(UNAUDITED)**

|  | FOR THE SIX MONTHS ENDED JUNE 30, | |
|---|---|---|
|  | 2016 | 2015 |
| **CASH FLOWS FROM OPERATING ACTIVITIES** | | |
| Net loss | $ (223,941) | $ (131,976) |
| Adjustments to reconcile net loss to net cash provided by operating activities: | | |
| Changes in assets and liabilities: | | |
| Deposit media library | (15,500) | - |
| Accounts payable | (5,994) | 5,477 |
| **Net cash used in operating activities** | (245,435) | (126,499) |
| **CASH FLOWS FROM FINANCING ACTIVITIES** | | |
| Proceeds from notes payable | 261,701 | 121,210 |
| Proceeds from issuing founders shares | - | 5,289 |
| **Net cash provided by financing activities** | 261,701 | 126,499 |
| **INCREASE IN CASH** | 16,266 | - |
| **CASH - BEGINNING OF PERIOD** | - | - |
| **CASH - END OF PERIOD** | $ 16,266 | $ - |

26.     The statements contained in ¶¶ 22-25 were materially false and/or misleading because they misrepresented and failed to disclose the following adverse facts pertaining to the Company's business, operations and prospects, which were known to Defendants or recklessly disregarded by them. Specifically, Defendants made false and/or misleading statements and/or failed to disclose that: (1) the condensed consolidated financial statements for the three months ended June 30, 2016 could not be relied upon because of an error in recognizing as compensation transfers of common stock by an affiliate of the Company to individuals who were at the time of transfer, or subsequently became, officers, directors or consultants of the Company; (2) the condensed consolidated financial statements for the six months ended June 30, 2016 could not be relied upon because of an error in recognizing as compensation transfers of common stock by an affiliate of the Company to individuals who were at the time of transfer, or subsequently became, officers, directors or consultants of the Company; and (3) as a result, Defendants' statements

7

about the Company's business, operations, and prospects were materially false and misleading and/or lacked a reasonable basis at all relevant times.

27. On April 12, 2017, the Company filed a Form 8-K with the SEC during afterhours trading revealing that its previously issued condensed consolidated financial statements for the three and six months ended June 30, 2016 should no longer be relied upon, stating in part:

> **Item 4.02 Non-Reliance on Previously Issued Financial Statements or a Related Audit Report or Completed Interim Review.**
>
> *On April 7, 2017, the Board of Directors of Alliance MMA, Inc. (the "Company") concluded that the condensed consolidated financial statements for the nine months ended September 30, 2016 included in the Company's Form 10-Q for the quarter ended September 30, 2016 and for the three and six months ended June 30, 2016 should no longer be relied upon because of an error in recognizing as compensation transfers of common stock by an affiliate of the Company to individuals who were at the time of transfer, or subsequently became, officers, directors or consultants of the Company.* The Company plans to include in its annual report on Form 10-K for the year ended December 31, 2016 revised financial information for the nine months ended September 30, 2016 and for the three and six months ended June 30, 2016. The Company's chief financial officer has discussed the determination to restate these financial statements with its independent accounting firm.

(Emphasis added)

28. Shares of Alliance have plummeted since the IPO and currently trade around $2.50 per share—less than 60% of its IPO price.

29. As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a class consisting of all persons other than defendants who purchased or otherwise acquired the publicly traded securities of Alliance pursuant and/or

traceable to the Company's IPO and who were damaged thereby (the "Class"). Excluded from the Class are Defendants, the officers and directors of the Company, members of the Individual Defendants' immediate families and their legal representatives, heirs, successors or assigns and any entity in which the officers and directors of the Company have or had a controlling interest.

31. The members of the Class are so numerous that joinder of all members is impracticable. Since the IPO, the Company's securities were actively traded on NASDAQ. While the exact number of Class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery, Plaintiff believes that there are hundreds, if not thousands of members in the proposed Class.

32. Plaintiff's claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by defendants' wrongful conduct in violation of federal law that is complained of herein.

33. Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class and securities litigation. Plaintiff has no interests antagonistic to or in conflict with those of the Class.

34. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

    a. whether Defendants issued materially false and misleading statements;

    b. whether the Registration Statement was negligently prepared and contained materially misleading statements and/or omitted material information required to be stated therein;

  c.  whether other statements issued by Defendants were materially misleading and/or omitted material information;

  d.  whether Defendants acted with reckless disregard for the truth with respect other statements;

  e.  whether the Company's securities traded on an efficient market; and

  f.  the extent to which members of the Class have sustained damages and the proper measure of damages

35. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

36. Plaintiff will rely, in part, upon the presumption of reliance established by the fraud-on-the-market doctrine in that:

  a.  Defendants made public misrepresentations or failed to disclose material facts;

  b.  the omissions and misrepresentations were material;

  c.  the Company's securities met the requirements for listing, and were listed and actively traded on NASDAQ, a highly efficient and automated market;

  d.  the Company's shares were liquid and traded with moderate to heavy volume;

  e. as a public issuer, the Company filed periodic public reports with the SEC and NASDAQ;

  f. The Company regularly communicated with public investors via established market communication mechanisms, including through the regular dissemination of press releases via major newswire services and through other wide-ranging public disclosures, such as communications with the financial press and other similar reporting services;

  g. The Company was followed by a number of securities analysts employed by major brokerage firms who wrote reports that were widely distributed and publicly available;

  h. the misrepresentations and omissions alleged would tend to induce a reasonable investor to misjudge the value of the Company's securities; and

  i. Plaintiff and members of the Class purchased, acquired and/or sold the Company's securities between the time the Defendants failed to disclose or misrepresented material facts and the time the true facts were disclosed, without knowledge of the omitted or misrepresented facts.

37. Based on the foregoing, the market for the Company's securities promptly digested current information regarding the Company from all publicly available sources and reflected such information in the prices of the shares, and Plaintiff and the members of the Class are entitled to a presumption of reliance upon the integrity of the market.

38. Alternatively, Plaintiff and the members of the Class are entitled to the presumption of reliance established by the Supreme Court in *Affiliated Ute Citizens of the State of Utah v. United States, 406 U.S. 128 (1972)* as Defendants omitted material information in the

Company's Registration Statement and Prospectus in violation of a duty to disclose such information as detailed above.

## COUNT I

### Violations of Section 11 of the Securities Act
### Against All Defendants

39. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. This claim is brought by Plaintiff and on behalf of other members of the Class who purchased or otherwise acquired the Company's securities pursuant to or traceable to the Company's IPO. Each member of the Class acquired his, her, or its shares pursuant to and/or traceable to, and in reliance on, the Prospectus and Registration Statement. The Company is the issuer of the securities through the Prospectus and Registration Statement, on which the Individual Defendants were signatories.

41. Defendants issued and disseminated, and caused to be issued and disseminated, and participated in the issuance and dissemination of, material misstatements and/or omissions to the investing public that were contained in the Prospectus and Registration Statement, which misrepresented or failed to disclose, among other things, the facts as set forth above. By reason of the conduct alleged herein, each Defendants violated and/or controlled a person who violated Section 11 of the Securities Act, 15 U.S.C. §77k.

42. The Company is the issuer of the securities sold via the Prospectus and Registration Statement. As issuer of these securities, the Company is strictly liable to Plaintiff and the Class members for the material misstatements and omissions contained therein.

43. At the times they obtained their shares of the Company, Plaintiff and the members of the Class did so without knowledge of the facts concerning the misstatements and omissions alleged herein.

44. This claim is brought within one year after discovery of the untrue statements and omissions in and from the Prospectus and Registration Statement that should have been made and/or corrected through the exercise of reasonable diligence, and within three years of the effective date of the Prospectus and Registration Statement. It is therefore timely.

45. At the time of the purchases and/or acquisitions by Plaintiff and the Class, the true value of the Company's securities was substantially lower than the prices paid by Plaintiff and the other members of the Class.

46. By reason of the foregoing, Plaintiff and the other members of the Class are entitled to damages as measured by the provisions of Section 11(e), 15 U.S.C. 77K(e), from the Defendants and each of them, jointly and severally.

## COUNT II

### Violations of Section 15 of the Securities Act Against the Individual Defendants

47. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

48. This claim is asserted against the Individual Defendants, each of whom was a control person of the Company at relevant times.

49. The Individual Defendants were control persons of the Company by virtue of, inter alia, their positions as senior officers and/or directors of the Company, and they were in positions to control and did control, the false and misleading statements and omissions contained in the Prospectus and the Registration Statement.

50. None of the Individual Defendants made reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Prospectus and Registration Statement were accurate complete in all material respects. Had they exercised reasonable care, they could have known of the material misstatements and omissions alleged herein.

51. This claim was brought within one year after the discovery of the untrue statements and omissions in the Prospectus and Registration Statement and within three years after the Company's securities were sold to the Class in connection with the IPO. It is therefore timely.

52. By reason of the above conduct, for which the Company's is primarily liable, as set forth above, the Individual Defendants are jointly and severally liable with and to the same extent as the Company's pursuant to Section 15 of the Securities Action, 15 U.S.C. 77o.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and the Class, prays for judgment and relief as follows:

a. declaring this action to be a proper class action, designating Plaintiff as Lead Plaintiff and certifying plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure and designating plaintiff's counsel as Lead Counsel;

b. awarding damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, together with interest thereon;

c. awarding Plaintiff and the Class reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

d. awarding Plaintiff and other members of the Class such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury.

Dated: April 17, 2017　　　　　　　　　　Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: /s/ Laurence M. Rosen
Laurence M. Rosen, Esq.
609 W. South Orange Avenue, Suite 2P
South Orange, NJ 07079
Tel: (973) 313-1887
Fax: (973) 833-0399
Email: lrosen@rosenlegal.com

Counsel for Plaintiff